**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Nikita Petties, et al.,**           ) | |
|                                        ) | |
|         **Plaintiffs,**               ) | |
|                                        ) | |
|         v.                             ) | Civil Action No. 95-0148 (PLF) |
|                                        ) | Just A Mite Invoice |
| **The District of Columbia, et al.,** ) | Dispute Hearing |
|                                        ) | |
|         **Defendants.**               ) | |
| _____) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
OF THE SPECIAL MASTER
IN THE MATTER OF THE JUST A MITE, INC.
INVOICE DISPUTE REQUESTED ON APRIL 19, 2006**

On May 11, 2006 the Special Master filed a report and recommendation pursuant to the November 8, 2004, Payment Order. The Provider, Just A Mite ("JAM"), filed request for proceedings regarding DCPS' refusal to pay a portion the invoices submitted by JAM for services rendered in December 2005. The original dispute concerned an invoice submitted by JAM in early January for services rendered to twenty-three (23) students. The full amount billed was $172,712.50. DCPS disputed $83,800 for services provided to sixteen (16) of those students.

After receiving submissions on the matter, the Special Master recommended that DCPS be required to pay $73,500, as DCPS' administrative decision on the matter had been untimely.

Sometime in early fall, DCPS stated that it had satisfied the amount recommended by the Special Master. The office of the Special Master received an oral

acknowledgement from the provider that the outstanding amount from the December invoice had been paid.

Although this may be all the information necessary for the Court to set aside the May 2006 report of the Special Master, it is appropriate to mention here the difficulty all parties have in tracking resolved disputes.

Starting with the October 11, 2002 Payment Order and continuing with the Payment Order of November 8, 2004, the defendants have been obligated to file with the Court monthly status report. In particular, Section VII(e) of the Payment Order reads in pertinent part:

> On or before the 15th of each month, defendants shall file with the Court and serve on plaintiffs' counsel a list of all private schools or facilities or related service providers who have served class members (whether under contract or not) at any time during that school year (*i.e.*, July 1 through June 30). Defendants shall also file with the Court and serve on plaintiffs' counsel an invoice payment tracking report and an invoice dispute tracking report.
> 
> - The invoice payment tracking report shall include a list of payments made the preceding month, as well as all outstanding invoices subject to this Order from the date of the immediate preceding invoice payment tracking report through the end of the reporting period, noting: the invoice number, vendor name, invoice date, invoice date of receipt, payment due date, invoice amount, and disputed amount, dispute notice date due, date dispute notice sent, amount paid, check date, check number, payment approval date, payment approval status, and payment status.
> 
> - For each provider with outstanding payment disputes, the invoice dispute tracking report shall include: the vendor name, invoice number, service period, whether the provider has a service contract with DCPS, the student's name, date of the invoice, status of dispute review, invoice amount, date the dispute letter was mailed, date of vendor's response to dispute, reason for dispute, and status of the dispute (for example: proceeding requested, waiting for information from provider and description of information requested, all information received and under negotiation).

The defendant's have filed these reports with the Court on a timely basis. However, the reports do not appear to be updated and, thus, their usefulness is seriously compromised. For instance, the original JAM dispute in question here was accurately reflected on the Payment Report, noting that the portion of the invoice approved was paid by check number 6458259, dated February 1, 2006. However, as recently as January 15 2007, DCPS' filing with the Court still listed $83,000 in dispute. On the second document, the Dispute Report, under the column "Status of Dispute" the notation for all sixteen students reads: "Received a response from the provider. Waiting for documentation from Special Mater to proceed with payment." Attachments 1 and 2.

Updated reports are not simply an accounting "nicety." In the past six months, no fewer than seven providers have filed requests for hearings to consider disputed invoices. In all but one instance, the parties were able to resolve the disputes prior to a hearing in ways which required DCPS to pay some, although not necessarily all, of the disputed amounts. It has been observed that there can be up to a two month lapse between the time the DCPS' attorney announces a settlement and the time the funds are received by the provider. The most rational and efficient way to determine if and when the provider has received the settlement is to monitor the monthly reports filed with the Court. As noted above, those reports provide a format for indicating that a settlement has been reached and permit a notation regarding check number and date. If the reports are not updated to reflect settlements, it will be necessary to develop an alternative --- and duplicative --- method for reporting the payment of previously disputed invoices.

Respectfully submitted,


Elise Baach
Special Master



Date: