UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NIKITA PETTIES, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 95-0148 (PLF) |
| THE DISTRICT OF COLUMBIA, et al., | ) ) | Just A Mite, Inc. Invoice Dispute Hearing |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Supplemental Report and Recommendations of the Special Master dated and filed on March 17, 2007 in the matter of a Just A Mite, Inc. ("JAM") invoice dispute. The original Report and Recommendations was filed on May 11, 2006. Rule 53(g) of the Federal Rules of Civil Procedure provides that a "party may file objections to – or a motion to adopt or modify – the master's order, report, or recommendations no later than 20 days" after it is served. No objections have been filed to the Supplemental Report and Recommendations filed on March 17, 2007.

The Court is troubled by the observations of the Special Master that the reports that the defendants are required to file on the docket of this Court "do not appear to be updated and, thus, their usefulness is seriously compromised." Supplemental Report and Recommendations at 3. As the Special Master describes:

> For instance, the original JAM dispute in question here was accurately reflected on the Payment Report, noting that the portion of the invoice approved was paid by check number 6458259, dated February 1, 2006. However, as recently as January 15 2007,

>DCPS' filing with the Court still listed $83,000 in dispute. On the second document, the Dispute Report, under the column "Status of Dispute" the notation for all sixteen students reads: "Received a response from the provider. Waiting for documentation from Special Mater [*sic*] to proceed with payment."
>
>Updated reports are not simply an accounting "nicety." In the past six months, no fewer than seven providers have filed requests for hearings to consider disputed invoices. In all but one instance, the parties were able to resolve the disputes prior to a hearing in ways which required DCPS to pay some, although not necessarily all, of the disputed amounts. It has been observed that there can be up to a two month lapse between the time the DCPS' attorney announces a settlement and the time the funds are received by the provider. The most rational and efficient way to determine if and when the provider has received the settlement is to monitor the monthly reports filed with the Court. As noted above, those reports provide a format for indicating that a settlement has been reached and permit a notation regarding check number and date. If the reports are not updated to reflect settlements, it will be necessary to develop an alternative --- and duplicative --- method for reporting the payment of previously disputed invoices.

Id. at 3 (citing attached reports). The Court, therefore, will take this opportunity to remind the defendants of their continuing obligations in this case under the November 8, 2004 Payment Order. It should go without saying that reports should be filed in a timely manner and that *any* report filed on the docket of this Court – particularly a report that is required by Court Order – should be *accurate and up-to-date*.

  It is hereby

  ORDERED that the Supplemental Report and Recommendations [1421] of the

Special Master is ADOPTED and APPROVED in its entirety.

SO ORDERED.

____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 16, 2007