UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NIKITA PETTIES, et al.,             )
                                    )
       Plaintiffs,                  )
                                    )
   v.                               )   Civil Action No. 95-0148 (PLF)
                                    )
THE DISTRICT OF COLUMBIA, et al.,   )
                                    )
       Defendants.                  )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on the Report of the Special Master "Regarding Requests for Information and an Order Requiring Defendants to Show Cause," filed on October 1, 2007 ("Report"); defendants' response, filed on October 16, 2007 ("Defs' Resp."); and plaintiffs' response, filed on October 22, 2007 ("Pls' Resp.").[1]

        The Special Master filed her Report in order to:

> provide information to the Court on four topics: 1) OSSE's [the Office of the State Superintendent of Education] apparent lack of familiarity with the *Petties* litigation; 2) the defendants' inability to accomplish meaningful rate-setting within the time allowed by D.C. law; 3) the opportunities that have been missed as a result of the system's lack of focus; and 4) the current requests for information that remain outstanding. Finally, the report requests that the defendant be ordered to produce the information requested by the Special Master and that, absent that production of the information, the Court enter an Order setting a date for a hearing at which time the counsel for defendant should be required to show cause as to why they should not be held in contempt.

---

    [1]    The Special Master filed an amended Report on October 2, 2007, which is the version on which the Court relies.

Report at 2.

The Special Master's discussion of the first topic, "OSSE's apparent lack of familiarity with the *Petties* litigation," focuses on a perceived lack of awareness on the part of the American Institutes for Research ("AIR") of the role of the Court and the Special Master in payment disputes related to special education due to this long-running *Petties* class action lawsuit, and infers that the Office of the State Superintendent of Education also lacks such understanding because OSSE hired and provided background information to AIR.  See Report at 2-5.[2]

The defendants, in their response, say that they are "puzzled, especially in the light of this history, by the Special Master's assertion that the OSSE lacks 'familiarity with *Petties*[.]'" Defs' Resp. at 5.  Defendants assure the Court that "special education and compliance issues in this case, as well as in [*Blackman/Jones*] and related cases, rank as one of OSSE's highest priorities."  Defs' Resp. at 3.  With respect to the substance of the Special Master's requests, the defendants "respectfully submit . . . that the proposed Order of the Special Master, laid against the pre-existing Court orders, can not be justified and should not be entered.

---

[2]      As the Court understands it, the Special Master is not criticizing the conclusions of the AIR or suggesting that OSSE has adopted them.  She is criticizing OSSE for providing insufficient information to the consultant it hired, which led AIR to reach certain unsupportable, mistaken or inaccurate conclusions.  As plaintiffs put it, because OSSE "failed to properly explain to the consultants what the *Petties* case was about," the "final AIR report repeats the mistaken assertion . . . that *Petties* was filed as a transportation case."  Pls' Resp. at 2-3.

As the Special Master correctly points out, the *Petties* litigation began and focused for many years on the lack of timely payments to private providers, payment disputes, and other payment issues, and the Special Master continues to have significant responsibilities with respect to these matters.  See Report at 3-5.  The transportation issues were added to the case later, as transportation to private providers is a "related service" under the IDEA.  See, e.g., Petties v. District of Columbia, 888 F. Supp. 165, 171 (D.D.C. 1995).

To try to make the proposed Order fit the pre-existing Orders, in light of all the changes that have occurred, is an exercise in Procrustean futility." Defs' Resp. at 5-6.

The defendants' response is signed by counsel from the Office of the Attorney General ("OAG") of the District of Columbia. Two of the senior attorneys whose names appear above the electronic signature have every reason to be intimately familiar with the history of this case, as their appearances were entered on behalf of the defendants in August of 2000 and October of 2001, respectively, and they have been personally involved in the litigation and proceedings in this case ever since. Yet, the defendants' response demonstrates a stunning ignorance of the history of the *Petties* litigation and the operative Orders issued by this Court, most with the consent of the parties, during the course of this case. The only plausible explanation is that the attorneys whose names appear on the signature page of the brief must not have read it in its entirety – and certainly could not have drafted it. The actual author of the response could not have known of the existence of significant operative Court Orders in this case, specifically those which define the scope of the Special Master's responsibilities.[3]

The most significant example of an Order that the author appears to be unaware of – though not by any means the only one – is the Court's Order dated October 11, 2002, which was entered *upon the joint motion of the defendants and the plaintiffs*, and which is entitled "Modification of Order of Reference." See October 11, 2002 Modification of Order of Reference. This Order, as its name implies, changed and in fact expanded the powers and duties

---

[3] The Court concludes that the author of the response, whoever that was, must not be familiar with the Local Civil Rules of this Court either. The Local Civil Rules require that "[a]ll papers shall be typed (double spaced) . . . ." Local Civil Rule 5.1(f). The Office of the Attorney General surely knows of this Rule. Perhaps the lawyers at OSSE, listed as "of counsel" on the brief filed by the defendants, do not.

of the Special Master, which were originally set forth in the Order of Reference dated July 8, 1997. The parties' joint motion requesting entry of this October 11, 2002 Modification of Order of Reference (and a related order regarding payments) states: "[T]he proposed Orders create a procedure for resolution of payment disputes by modifying the duties and powers of the Special Master . . . ." September 25, 2002 Joint Motion to Modify and Supplement Order Regarding Payment System and to Modify Order of Reference at 1-2.[4]  Anyone drafting a court filing or any other paper discussing the scope of the Special Master's role, responsibilities, powers and duties in the *Petties* case *would be well advised to read this important Order and all of the relevant Opinions and Orders in this case*, not just the July 1997 Order and the May 20, 2003 Memorandum Opinion and Order.[5]

---

[4]  Before the parties submitted their September 25, 2002 Joint Motion, each side submitted a separate motion with a proposed payment resolution system. The defendants' motion, filed on September 12, 2002, requested that the Court enter their proposed supplementing Order, which, in defendants' words, "creates a concrete dispute resolution mechanism . . . using the office of the Special Master in this case." September 12, 2002 Defendants' Memorandum of Points and Authorities in Support of the Proposed Order Supplementing the August 2, 2001 Order & Modifying the Automated Payment System at 1. By contrast, the plaintiffs' motion and accompanying proposed Order, also filed on September 12, 2002, *do not* include such a role for the Special Master. See September 12, 2002 Plaintiffs' Motion for Entry of an Order Supplementing the August 2, 2001 Order by Modifying Payment Schedule to Apply to the 2002-2003 School Year and Summer 2003. It therefore appears that the increased role of the Special Master with regard to payment disputes was originally *suggested by the defendants themselves*.

There was a modified payment order signed as a result of the same joint motion, also dated October 11, 2002, which also reflects the expanded role of the Special Master. That Payment Order was itself replaced by the November 8, 2004 Order Regarding Payment for Services to Class Members, which was also agreed upon by the parties. The November 8, 2004 payment order also requires a significant role for the Special Master with respect to issues related to payments to service providers.

[5]  The July 8, 1997 Order of Reference also remains relevant. For example, it provides:

Unfortunately, the defendants have devoted the substantive portion of their objections to the Special Master's Report and proposed Order to an analysis of the ways that the Special Master's requests exceed the scope of her appointment under the Order of Reference *dated July 8, 1997*. See Defs' Resp. at 6-9. Thus, they have based their legal arguments on a Court Order that is out of date and that has been amended, modified and expanded several times, beginning more than five years ago.[6] The Court therefore concludes, easily, that the defendants' objections to the Special Master's proposed Order are not well grounded or at all persuasive, as the defendants do not object to the scope of the Special Master's proposed Order in the context of her actual powers and duties.[7]

---

> The Special Master shall have the full cooperation of the parties and their counsel, who shall promptly provide *any and all documentation and information requested by the Special Master*, whether requested orally or in writing, and in whatever form requested, and shall afford the Special Master full access to the parties, including DCPS, DHS and other necessary District of Columbia officials, staff, facilities, records and documents.

July 8, 1997 Order of Reference at 8, ¶ 3 (emphasis provided); see also, e.g., October 11, 2002 Order Modifying and Supplementing August 25, 1997 Order Regarding Payment System at 6; November 8, 2004 Order Regarding Payment for Services to Class Members ¶¶ VII(e), VII(g), VII(h).

[6]   Perhaps the analysis of the defendants would not have been "an exercise in Procrustean futility," see Defs' Resp. at 6, had the author of their response been looking at the appropriate operative Court Orders.

[7]   The Court found the plaintiffs' response in support of the Special Master's request to be well-grounded in its facts and persuasive in its analysis. For example, the Court agrees that the Special Master's requests for information about OSSE's rate-setting process "are not attempts to displace the rate-setting function assigned to OSSE. To the contrary, the requests for information are a critical component of the Special Master's continuing efforts to monitor the District's compliance and help the District get on track by ensuring that payments are made in a timely and accurate manner, as required by this Court's Orders." Pls' Resp. at 8.

As noted, the Court assumes that the defendants' response, signed and filed on the docket of the Court by experienced counsel at the OAG, had to have been drafted by others – probably the lawyers (or perhaps non-lawyers) at OSSE. But regardless of the brief's actual authorship, it demonstrates that those at OSSE with responsibility for special education compliance issues with respect to this and related cases do not fully understand the *Petties* litigation. In fact, the Court now has even *more* concern that there is a *bigger* misunderstanding in that Office than the Special Master suggested in her Report. Defendants' counsel should take pains to educate their clients' new representatives about the scope, contours and details of this ongoing litigation. And OSSE lawyers and other OSSE employees who are going to be involved in special education provider payment issues should read all of the Opinions and Orders that have been issued in the course of this litigation.[8]

The Court does not mean to cast any aspersions whatsoever on the new State Superintendent or the new Mayor or the new Chancellor. Nor is the Court expressing any negative opinion about the significant changes now taking place in the education system of the District of Columbia. The Court only intends to make clear that as this case continues – and until it finally settles by agreement of the parties and the Court, or is otherwise resolved – the parties to the case, including any new representatives of the various defendants *and their counsel*, have an obligation to maintain compliance with the Court's Orders.[9] As the Special Master put it in

---

[8] The various Reports, Opinions and Orders cited by the Special Master in her Report and by the plaintiffs in their response would be a good place to start.

[9] The defendants state that "we will strenuously resist efforts to subjugate OSSE to outside dictates, and we look to this Court to support us in that stand." Defs' Resp. at 7. The Court is not quite sure what the defendants mean. But to the extent that the defendants view Court Orders in a lawsuit in which the District of Columbia is a defendant – Orders which in

her Report, "in planning for a bright tomorrow, one cannot ignore the obligations of today, or the lessons of yesterday." Report at 2. And it should go without saying – but apparently does not – that in order to comply with this Court's Orders, the parties, in whatever form they exist during and after a restructuring, must be aware of them.

Meanwhile, in light of the irrelevance of the defendants' objections to the proposed Order of the Special Master and the persuasiveness of the Report itself and plaintiffs' response in support, at the request of the Special Master it is hereby

ORDERED that on or before November 6, 2007, the Office of the State Superintendent ("OSSE") shall provide to the Special Master, with copies to plaintiffs' counsel:

1. All information regarding the policy and practice of the agency with respect to rate-setting for nonpublic schools; and

2. Any written procedures that have been developed by OSSE, in consultation with the District of Columbia Public Schools ("DCPS"), that describe the manner in which OSSE will provide DCPS with rates that have been approved for nonpublic special education programs; the title and name of the persons responsible at OSSE for furnishing information to DCPS and the title and name of the persons at DCPS responsible for the receipt of the information; and any applicable timelines that have been set for furnishing information or

---

most instances the defendants consented to – as "outside dictates," they are unlikely to receive the support of the Court in "strenuously resisting" them.

The Court agrees with the defendants that if it can be agreed that events have outrun the existing Court Orders, "the proper course is to consider whether a consensus can be reached among the Special Master, the parties, and the Court to make appropriate changes." Defs' Resp. at 5. A joint motion likely would be looked upon favorably by the Court. That is not the question before the Court at this juncture, however.

acknowledging receipt thereof; it is

FURTHER ORDERED that on or before November 6, 2007, defendants shall furnish copies of all agreements between the District of Columbia, or any agency, and any nonpublic special education program or public charter school where the contract contains a provision permitting or requiring binding alternative dispute resolution procedures; it is

FURTHER ORDERED that the defendants shall promptly complete the review of any and all draft contracts proposed for execution under the Placement of Students with Disabilities in Nonpublic Placements Amendment Act of 2006 and promptly furnish the drafts of those contracts to the Special Master; and it is

FURTHER ORDERED that if defendants do not provide the information required by this Order, the Special Master shall notify the Court of such failure so that the Court may consider whether to order counsel for the defendants to appear to show cause why they should not be held in contempt for failure to comply with the Court's Order of today's date and the Court's Orders of July 8, 1997, October 11, 2002, May 20, 2003, and November 8, 2004.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 30, 2007

cc: Monica J. Brown
Virginia Crisman
Of Counsel
Office of the State Superintendent of Education
441 4th Street, NW
Suite 350
Washington, D.C. 20001