UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NIKITA PETTIES, et al.,                )
                                       )
      Plaintiffs,                      )
                                       )
v.                                     )   Civil Action No. 95-0148 (PLF)
                                       )
DISTRICT OF COLUMBIA, et al.,          )
                                       )
      Defendants.                      )
                                       )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Report and Recommendations of the Special Master in the Matter of Interdynamics, Inc. ("Report and Recommendation"). Rule 53(f) of the Federal Rules of Civil Procedure provides that "a party may file objections to — or a motion to adopt or modify — the master's order, report, or recommendation no later than 20 days" after it is served. FED. R. CIV. P. 53(f). Plaintiffs timely filed a Motion to Modify the Special Master's Report and Recommendation ("Mot. to Mod."). The Special Master then filed a Supplemental Report and Recommendation to clarify her decision on one discrete issue.

The Special Master's Report and Recommendation addresses a dispute arising from DCPS's challenge to invoices submitted by Interdynamics (a mental health and educational support company serving Maryland and the District of Columbia). On April 24, 2008, DCPS notified Interdynamics that nine of the invoices submitted would not be funded in full as the amounts requested were in excess of the rates prescribed in the March 2, 2002 Superintendent Directive 530.6 ("2002 Rate Directive"). The Special Master set forth detailed background to

this dispute in her Report and Recommendation, the bulk of which (including all factual findings) plaintiffs expressly do not dispute. See Mot. to Mod. at 1.

Plaintiffs move to modify one of the Report and Recommendation's conclusions, which relates to DCPS's lack of consistency in applying the 2002 Rate Directive to provider invoices. See Mot. to Mod. at 1. Although DCPS refused to pay in full nine Interdynamics invoices (those at issue in the Report and Recommendation) because they charged rates in excess of the 2002 Rate Directive, it did not challenge all invoices that charged excessive rates. See Report and Recommendation at 11. DCPS does not provide a convincing explanation for why it paid certain invoices that were well in excess of the Rate Directive, but contested other invoices for similar services based on the Rate Directive. See id. at 11-12.

Plaintiffs argue that DCPS's inconsistent billing practice "constitute[s] bad public policy and threaten[s] students' placements [and] give rise to a reasonable expectation of continued payment at that rate." See Mot. to Mod. at 2.[1] According to plaintiffs, providers might have relied on DCPS's pattern of undisputed payments and planned for provision of services at the rates paid. See id. at 2-3. The Court understands that there may be potential difficulties to providers caused by DCPS's inconsistent application of the rates in the 2002 Rate Directive. The Court agrees, however, with the Special Master that DCPS did not waive its right to object to invoices with charges above the 2002 Rate Directive, even though DCPS did not object to all invoices with charges in excess of those rates. See Report and Recommendation at 12. The Special Master explained her position convincingly when she concluded that "[w]hether DCPS

---

[1] The Court notes that plaintiffs do not challenge the Special Master's conclusion that based on the record, there is no basis to conclude that the rates offered by DCPS are too low to create sufficient supply. See Report and Recommendation at 11.

had a good reason to pay an inconsistent (and higher) amount, or no reason at all, the fact remains prior payments at a certain rate do not give rights to later payments at that rate." Id. Plaintiffs have not identified any law requiring a conclusion to the contrary, nor has the Court discovered any.[2] The Court will adopt and affirm the Special Master's finding on the inconsistent payment issue.

Finally, the Special Master filed a Supplemental Report and Recommendation to respond to a footnote in plaintiffs' motion in which plaintiffs identified what they believed to be the mistaken omission of two invoices (Nos. 330 and 364). The Special Master's Supplemental Report and Recommendation explains in some detail that omitting any reference to payment for these two invoices was not a mistake, and that plaintiffs had just misunderstood her conclusion. Plaintiffs have not objected or otherwise responded to the Supplemental Report and Recommendation in any manner, and the Court will treat the Special Master's conclusions with regard to these invoices as undisputed.

Accordingly, it is hereby

ORDERED that the Court adopts and affirms the Special Master's Report and Recommendations in the Matter of Interdynamics, Inc. [1538] in its entirety; it is

---

[2] Plaintiff relies on the Report and Recommendations of the Special Master in the Just-A-Mite Dispute Hearing [1389] for the principle that "[i]t is unreasonable to insist that a provider divine, without any notice or indication of a change in DCPS policy, that what it has always done is no longer acceptable." Id. at 12. In that case, however, DCPS challenged the invoice for insufficient documentation — and the Special Master concluded that because DCPS had always accepted the level of documentation from the provider, it was unfair to refuse to pay without warning. In this case, however, DCPS's insistence on payments according to the 2002 Rate Directive should not have come as a surprise to the provider, as Interdynamics does not deny that it was aware of the promulgated rate limits. See Report and Recommendation at 7.

FURTHER ORDERED that plaintiffs' Motion to Modify the Report and Recommendations of the Special Master in the Matter of Interdynamics, Inc. [1542] is DENIED; it is

FURTHER ORDERED that defendants shall pay Interdynamics, Inc. within ten (10) days of the date of this Order, a total sum of $5,749.89; it is

FURTHER ORDERED that of the total, $3,024.08 is for Invoice No. 327; it is

FURTHER ORDERED that of the total, $226.30 is for Invoice No. 331; it is

FURTHER ORDERED that of the total, $252.01 is for Invoice No. 363; it is

FURTHER ORDERED that of the total, $1,388.61 is for Invoice No. 329; it is

FURTHER ORDERED that of the total, $504.02 is for Invoice No. 337; it is

FURTHER ORDERED that of the total, $102.86 is for Invoice No. 372; it is

FURTHER ORDERED that of the total, $252.01 is for Invoice No. 365.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 3/3/09