UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NIKITA PETTIES, et al.,             )
                                    )
    Plaintiffs,                    )
                                    )
    v.                             )    Civil Action No. 95-0148 (PLF)
                                    )
DISTRICT OF COLUMBIA, et al.,       )    DIAGNOSTIC CONSULTANTS, LLC
                                    )
    Defendants.                    )
_____)

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on the Report and Recommendations of the Special Master filed on February 17, 2011 regarding an invoice dispute between Diagnostic Consultants, LLC ("DiCon") and defendants, the District of Columbia Public Schools ("DCPS") and the Office of the State Superintendent of Education ("OSSE"). See Report and Recommendations of the Special Master in the Matter of Diagnostic Consultants, LLC ("Report and Recommendations") at 1, Feb. 17, 2011. DiCon has filed exceptions to the Special Master's Report and Recommendations, in which it states three objections. See Exceptions to the Report of the Special Master ("Exceptions") at 1, Mar. 9, 2011. Upon consideration of the Report and Recommendations, DiCon's exceptions, and the entire record in this case, the Court will adopt and affirm the Report and Recommendations in its entirety.

I.  BACKGROUND

        Payments by the defendants to private providers of special education services like DiCon are made pursuant to an Order of this Court issued on August 5, 2009 that details a highly

structured payment scheme and delineates resolution procedures for disputes that arise concerning submitted invoices. See generally Order Regarding Payment for Services to Class Members ("Payment Order"), Aug. 5, 2009.[1] After a provider submits an invoice, if the defendants dispute any charges, they "shall . . . provide a written dispute notice . . . to the provider no later than twenty (20) calendar days after the invoice was received," containing a detailed description of the basis of the dispute and all supporting documentation. Payment Order ¶ V(a). Then, if a provider disagrees with the amount disputed by the defendants, it shall submit written objections with supporting documentation to DCPS' Office of Special Education or to OSSE "no later than fifteen (15) business days . . . following receipt of a dispute notice." Id. ¶ V(b). "If the defendants continue to dispute all or part of an invoice after receiving a provider's written objection and documentation . . . , within ten (10) business days of receipt of such objection defendants shall issue a written rejection of any claim of the provider and the reasons for the rejection." Id. ¶ V(c). This written rejection serves "as the final administrative decision of the defendants," id. ¶ V(d), and it must include "a notice of the provider's right to request a hearing before the Special Master and the deadline for doing so." Id. ¶ V(e). "Failure by defendants to timely issue a final administrative decision to a provider's written objection will obligate defendants to pay the disputed amount." Id. ¶ V(d).

If a provider is not satisfied with the defendants' final administrative decision, it may then "file a request for proceedings to determine findings of fact and recommendations for resolution with the Office of the Special Master." Payment Order ¶ VI(a).

---

[1] This August 5, 2009 Payment Order replaced the prior November 8, 2004 Order Regarding Payment for Services to Class Members. See Payment Order at 1.

> Such a request must be filed within ten (10) business days of
> receipt of the final administrative decision of defendants . . . .
> Failure by the provider to file a timely request for a proceeding
> before the Special Master will represent the provider's acceptance
> of the amount paid to date by the defendants as payment in full.

Id. Upon a timely request by a provider, the Special Master shall hold a hearing on the matter, see id. ¶ VI(b), and afterward "shall issue a written report with findings and recommendations for resolving the dispute and shall file such report with the Court . . . ." Id. ¶ VI(c).

The Payment Order then provides that the defendants' and plaintiffs' counsel shall have any opportunity under Rule 53 of the Federal Rules of Civil Procedure to raise with the Court "any objections or defenses [to the Special Master's written report] that are warranted." Payment Order ¶ VI(d). Rule 53(f) provides that "[a] party may file objections to — or a motion to adopt or modify — the master's order, report, or recommendations no later than 21 days" after it is served. FED. R. CIV. P. 53(f)(2). Upon a full review of any such objections, "the Court will decide whether . . . to affirm the Special Master's recommendations or take some other action." Payment Order ¶ VI(d).

In this matter, "[b]etween October 2008 and February 2010, DiCon submitted invoices to either [DCPS] or [OSSE] for various evaluations conducted on students between June 2008 and January 2010." Report and Recommendations at 1. The defendants disputed various invoices, and these disputes were eventually presented to the Special Master for resolution. See id. at 3-14. The Special Master held hearings on March 2, 2010 and March 10, 2010. See id. at 3. She issued her Report and Recommendations on February 17, 2011. See generally id. On April 26, 2011, upon a *sua sponte* review of her Report and Recommendations, the Special Master issued a brief supplement that corrected a typographical omission in her Report and

Recommendations. See Supplemental Report and Recommendation of the Special Master in the Matter of Diagnostic Consultants ("Supplement") at 1-3, Apr. 26, 2011.

The Special Master found that DiCon failed to file a timely request for a hearing with respect to 16 invoices. See Report and Recommendations at 2 n.2 (citing Attachment I(1) to the Report and Recommendations, March 2, 2010 Hearing Transcript at 25-31); Supplement at 1-2.[2] The Special Master therefore excluded from her consideration the following invoices: 15P, 15NP, 16NP, 17NP, 18NP, 21NP, 23P, 23NP, 24P, 25P, 25NP, 26P, 27P, 27NP, 28P, and 28NP. See Report and Recommendations at 2 n.2 (citing Attachment I(1) to the Report and Recommendations, March 2, 2010 Hearing Transcript at 25-31); Supplement at 2-3. The Special Master then addressed the merits with respect to the remaining invoices in dispute and found that DiCon failed to support its contention that the rates it billed for special education services are reasonable, prevailing, or market rates. See Report and Recommendations at 13-14, 16-19, 21. In light of this finding, the Special Master concluded that it is now "necessary to determine whether the Chancellor's Rates — and those paid by DCPS and OSSE — can be sustained as reasonable . . . ." Id. at 21.

## II. DISCUSSION

On March 9, 2011, DiCon filed exceptions to the Report and Recommendations. In full, DiCon states:

---

[2] The Report and Recommendations lists only 15 such invoices. See Report and Recommendations at 2 n.2. As the Special Master stated in her Supplement, one additional invoice — 28 NP — was erroneously omitted from this list. See Supplement at 3.

4

>    (1) At the hearing, DCPS invoked a directive dated July 18 2008 as a defense to the claim it had failed to provide any policy in support of its claim DiCon's rates were not reasonable, and that in fact the rates paid by DCPS were reasonable.  On February 25, 20121 [sic], DCPS admitted to the Special Master that the July 18 2008 Directive was not valid.  Therefore, DCPS should, pursuant to Section V of the 2009 Payment order, pay all invoices at issue at the rates requested by DiCon.
>
>    (2) The Special Master erroneously ruled that DiCon had failed to show its rates were reasonable.
>
>    (3) The Special Master erroneously concluded that various invoices should be excluded from the hearing on the grounds that DiCon had not filed a Request for Hearing pursuant to the August 2009 Payment Order.  In fact, as to the majority of these invoices, DCPS had failed to serve DiCon with a proper Final Administrative Decision.  Therefore, DCPS is bound, pursuant to the 2004 or 2009 Payment Orders, to pay these invoices at the rates requested by DiCon.

Exceptions at 1.

None of these objections has merit.  The Court will address the third objection first.  As discussed, with respect to certain specified invoices, the Special Master found that DiCon failed to file a timely request for a hearing.  The Special Master explained that

> [b]y letter dated February 2, 2010, DiCon introduced for consideration twenty additional invoices that had been disputed by DCPS and OSSE between August 2009 and January 2010.  *DiCon had not filed any previous requests for hearings with respect to these invoices.*  Counsel for DiCon argued that his client believed that the twenty invoices, specifically 15P, 15NP, 16NP, 17NP, 18NP, 21NP, 23P, 23NP, 24P, 25P, 25NP, 26P, 27P, 27NP, 28P, 28NP, 29P, 30P, 31NP and 32NP would be included or consolidated with the pending complaints.  The defendant objected to the inclusion of all except invoices 31NP and 32NP on the grounds that the Payment Order clearly requires requests for hearings to be filed with the Office of the Special Master within 10 days of the receipt of a final administrative decision.

5

Report and Recommendations at 2 n.2 (emphasis added). The Special Master concluded that "invoices that had not been timely submitted would not be considered as the Payment Order is very specific about the need to file prompt requests for hearing." Id. Accordingly, the Special Master excluded from her consideration 16 DiCon invoices that were not timely filed — specifically, invoices 15P, 15NP, 16NP, 17NP, 18NP, 21NP, 23P, 23NP, 24P, 25P, 25NP, 26P, 27P, 27NP, 28P, and 28NP. See id.; Supplement at 2-3.[3]

DiCon now argues that the Special Master's conclusion was erroneous because, "as to the majority of these invoices" — without any further specification — "DCPS had failed to serve DiCon with a proper Final Administrative Decision." Exceptions at 1. DiCon, however, provides no citation to any supporting documentation, and the evidence in the record is to the contrary. During the hearing before the Special Master, DiCon's counsel did not argue that DCPS failed to serve DiCon with proper final administrative decisions. Rather, DiCon's counsel acknowledged that DiCon had not requested a hearing before the Special Master for various invoices, but argued that these invoices should nevertheless be considered because "neither OSSE nor DCPS . . . demonstrated that it would be unduly prejudiced by allowing these [invoice] disputes to go forward . . . ." Attachment I(1) to the Report and Recommendations, March 2, 2010 Hearing Transcript at 29; see also Report and Recommendations at 2 n.2.

The Payment Order is clear that "[f]ailure by the provider to file a timely request for a proceeding before the Special Master will represent the provider's acceptance of the amount

---

[3] As the Special Master stated in her Supplement, she found that invoices 29P, 31NP, and 32NP were timely filed, and she therefore considered those three invoices. See Supplement at 2. The Special Master also found that invoice 30P was timely filed, but, because that invoice was fully resolved at the time of the issuance of her Report and Recommendations, she did not address it. Id.

paid to date by the defendants as payment in full." Payment Order ¶ VI(a). DiCon has failed entirely to provide any support for its contention that it did not receive final administrative decisions for some unspecified "majority" of its invoices. Exceptions at 1. The Court therefore adopts and affirms the Special Master's finding that DiCon failed to file a timely request for a proceeding for the following 16 invoices: 15P, 15NP, 16NP, 17NP, 18NP, 21NP, 23P, 23NP, 24P, 25P, 25NP, 26P, 27P, 27NP, 28P, and 28NP. Because this failure represents DiCon's "acceptance of the amount paid to date by the defendants as payment in full," Payment Order ¶ VI(a), these invoices were properly excluded from the Special Master's consideration.

With respect to DiCon's other two objections, the Special Master provided a detailed explanation as to why she found that DiCon failed to support its contention that the rates it billed defendants are reasonable, prevailing, or market rates. The evidence introduced during the hearings established that DiCon set its rates "by calling a handful of former colleagues to get their rates . . . ." Report and Recommendations at 18. The Special Master found that this "methodology for establishing the rates was insufficiently precise to find that the rates billed are 'reasonable,' 'prevailing' or 'market rates.'" Id. at 19. As the Special Master stated, DiCon could have obtained information about reasonable, prevailing, or market rates from the "hundreds of individuals and companies providing . . . services to a dozen school systems in the area, as well as at the request of parents and guardians of children experiencing educational or emotional difficulties." Id. Although DiCon's conversations with colleagues may have been "helpful," the Special Master found that these conversations do not, "without more, establish the reasonableness of the rates billed to DCPS and OSSE." Id. Moreover, DiCon provided "no

7

evidence that the rates [it] billed DCPS and OSSE have ever been paid by a parent or guardian or other entity." Id. at 19.

DiCon argues that the Special Master erred in finding that its rates are not reasonable. See Exceptions at 1. The only apparent basis for DiCon's argument is that, according to DiCon, DCPS relied on an invalid directive dated July 18, 2008 to prove that DiCon's rates were not reasonable. See id. Thus, DiCon concludes, "DCPS should . . . pay all invoices at issue at the rates requested by DiCon." Id. The Court disagrees. The Special Master found that DiCon failed to establish the reasonableness of its rates because *DiCon's* rate-setting methodology was imprecise and *DiCon's* evidence was insufficient. See Report and Recommendations at 18-19. There is no indication in the record that the Special Master relied on the July 18, 2008 directive to reach her conclusion; nor is the Court aware of anything in the record suggesting that DCPS admitted that this directive is invalid. The Court therefore adopts and affirms the Special Master's finding that DiCon failed to show that its rates are reasonable, prevailing, or market rates.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendations of the Special Master in the Matter of Diagnostic Consultants, LLC [Dkt. No. 1875] is ADOPTED AND AFFIRMED in its entirety; it is

FURTHER ORDERED that defendants will now be required to show that the rates it paid for the services billed on the invoices in question were reasonable; it is

FURTHER ORDERED that the parties shall present the Office of the Special Master with a joint exhibit of invoices remaining in dispute by June 13, 2011; it is

FURTHER ORDERED that the parties shall schedule a joint parties' conference to take place by June 13, 2011; and it is

FURTHER ORDERED that the parties shall submit a report of such conference to the Special Master within 14 calendar days of the conference.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 27, 2011