UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NIKITA PETTIES, et al.,             )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )    Civil Action No. 95-0148 (PLF)
                                    )
DISTRICT OF COLUMBIA, et al.,       )    DIAGNOSTIC CONSULTANTS, LLC
                                    )
    Defendants.                     )
_____)

OPINION AND ORDER

This matter is before the Court on the Report and Recommendations of the Special Master, filed on November 11, 2011, regarding an invoice dispute between Diagnostic Consultants, LLC ("DiCon") and defendants, the District of Columbia Public Schools ("DCPS") and the Office of the State Superintendent of Education ("OSSE").[1]  On December 5, 2011, DCPS filed objections to certain portions of the Report and Recommendations.  Class plaintiffs responded and requested that the Report and Recommendations be adopted in full, and DiCon requested that the Court disregard DCPS' objections as untimely.  Upon review of the Report and Recommendations, the parties' papers, and the entire record in this case, the Court will consider the objections on their merits and adopt and affirm the Report and Recommendations in its entirety.[2]

---

[1]  OSSE's appearance in the Special Master proceeding was terminated on February 2, 2011, when DiCon abandoned the only claim that involved OSSE.  Report and Recommendations at 4.

[2]  The papers reviewed in connection with this matter include the following: Report and Recommendations of the Special Master in the Matter of Diagnostic Consultants, LLC

I. BACKGROUND

At the time that the disputed invoices were issued, payments by the defendants to private providers of special education services such as DiCon were made pursuant to this Court's August 5, 2009 Payment Order. See Order Regarding Payment for Services to Class Members ("Payment Order") [Dkt. No. 1676].[3] The Payment Order details a highly structured payment scheme and delineates resolution procedures for disputes that arise concerning submitted invoices. After a provider submits an invoice, if the defendants dispute any charges, "defendants shall . . . provide a written dispute notice . . . to the provider no later than twenty (20) calendar days after the invoice was received," containing a "detailed description of the basis for the dispute, including any and all policies relied upon[.]" Payment Order ¶ V(a). The dispute notice must also include "sufficient documentation to support the reasons for disputing any outstanding amount(s)." Id.

If a provider disagrees with the amount disputed by the defendants, it must submit written objections with supporting documentation to DCPS' Office of Special Education or to OSSE. Payment Order ¶ V(b). After the provider supplies its response, if defendants continue to

---

("Report and Recommendations"), Nov. 11, 2011 [Dkt. No. 1951]; Objection to the Report of the Special Master ("Def.'s Objections") [Dkt. No. 1959]; Plaintiffs' Response to Defendants' Objections and Motion to Adopt the Report and Recommendations of the Special Master ("Class Pls.' Response") [Dkt. No. 1960]; Response of Plaintiff DiCon to Untimely Exceptions of Defendant District of Columbia ("DiCon Response") [Dkt. No. 1967]; DCPS' Reply to Response of Plaintiff DiCon to Objections ("Reply to DiCon Response") [Dkt. No. 1969]; Supplemental Report of the Special Master in the Matter of Diagnostic Consultants, LLC ("Supplemental Report") [Dkt. No. 1978]; Report and Recommendations of the Special Master Re: Diagnostic Consultants, LLC ("Second DiCon Report and Recommendation"), Nov. 14, 2011 [Dkt. No. 1953].

[3]   That Order was vacated as of November 1, 2012, as resolution of these payment disputes is now governed by regulations issued by OSSE. Petties v. District of Columbia, Civ. Action No. 95-0148, 2012 WL 4755053, at *1 (D.D.C. Oct. 4, 2012). The Court, however, retained authority to address the resolution of the dispute involving DiCon. Id. at *2.

dispute the invoices, defendants must issue a written rejection.  Id. ¶ V(c).  That written rejection constitutes a final administrative decision.  Id. ¶ V(d).  If a provider is not satisfied with this decision, it may file a request for review by the Office of the Special Master.  Id. ¶ VI(a).  Upon a timely request by a provider, the Special Master shall hold a hearing on the matter, see id. ¶ VI(b), and issue a report with findings and recommendations for resolving the dispute.  Id. ¶ VI(c).

After the Special Master issues her report and recommendation, the defendants and plaintiffs are permitted under the Payment Order and Rule 53 of the Federal Rules of Civil Procedure to raise with the Court "any objections or defenses [to the Special Master's written report] that are warranted."  Payment Order ¶ VI(d); see also FED. R. CIV. P. 53(f)(2).  Upon review of any such objections, "the Court will decide whether . . . to affirm the Special Master's recommendations or take some other action."  Payment Order ¶ VI(d).

The Report and Recommendations in this case examines the following disputed invoices for services provided by DiCon: 29P, 30P, 33P, 36P, 36NP, 37P, 38P, 39P, 40P, 41P, 43P, 45P, 48P, 49P, 50P and 51P.  Report and Recommendations at 1.  On February 24, 2011, the Special Master conducted an evidentiary hearing relating to the following three issues: (1) whether the fees invoiced by DiCon for Vocational Evaluations ("VEs") and Functional Behavioral Assessments ("FBAs") were unreasonably high; (2) whether DCPS' objections to invoices 37P and 50P complied with the timeline set forth in the Payment Order;[4] and (3) whether social history assessments were part of comprehensive psychological evaluations, and thus could not be billed as separate assessments when performed contemporaneously with

---

[4]  On March 7, 2011, DCPS announced that it would pay the disputed amount in connection to invoice 37P because it was unable to provide documentation to support its claim that the final administrative decision was timely.  Report and Recommendations at 10.

comprehensive evaluations. Id. at 5-11. On November 11, 2011, the Special Master issued her Report and Recommendations. On the first issue, she found in favor of DiCon, concluding that DCPS did not properly invoke the dispute mechanism outlined in the Payment Order to contest the VE and FBA invoices and therefore was obligated to pay the amount charged by DiCon. Id. at 15-16. She found in favor of DCPS on the second and third issues, concluding that DCPS' objection to invoice 50P was timely, id. at 18, and that social history assessments and comprehensive psychological evaluations constituted one billable evaluation when performed contemporaneously. Id. at 13.

## II.  DISCUSSION

### A.  *Whether DCPS Properly Objected to Rates Charged by DiCon*

DCPS objects to the Special Master's recommendation that DiCon be awarded the disputed amount of the invoices for VEs and FBAs. Def.'s Objections at 1. As a threshold matter, DiCon asks the Court to disregard DCPS' objections as untimely. DiCon Response at 1. DiCon points out that DCPS' objections, filed on December 5, 2011, were filed 24 days after the Report and Recommendations was issued. Id. at 1. Rule 53(f) provides that "[a] party may file objections to — or a motion to adopt or modify — the master's order, report, or recommendations *no later than 21 days* after a copy is served, unless the court sets a different time." FED. R. CIV. P. 53(f)(2) (emphasis added). The timeliness requirement, however, is not absolute, as the Court retains discretion to excuse a party's failure to seek timely review. See FED. R. CIV. P. 53 advisory committee's note (2003 amendments to Subdivision (g)).

Although DCPS contends that its objections were timely filed, see DCPS' Reply to DiCon Response, the Court concludes that the objections were filed three days after the deadline. As the Special Master points out, it appears that this tardiness resulted from

4

DCPS' confusion of the Report and Recommendation, filed on November 11, 2011, with a report relating to a separate DiCon matter, filed three days later on November 14, 2011. See Second DiCon Report and Recommendation; Supplemental Report at 2 ("Though the filing referenced document 1953, its substance addressed document 1951.")  DCPS' three day delay seems to have stemmed from administrative error, rather than bad faith or neglect.  The Court therefore will excuse DCPS' failure and consider its objections on the merits.

      The Special Master concluded that the amount invoiced by DiCon for VEs and FBAs must be paid because DCPS failed to comply with the dispute procedures provided in the August 5, 2009 Payment Order.  Report and Recommendations at 15-16.  In its objections, DCPS does not meaningfully address this conclusion; it instead argues that DiCon failed to carry its burden of establishing or documenting the reasonableness of its fees associated with the VEs and FBAs authorized by DCPS.  Def.'s Objections at 1.  This argument is misplaced.  Under the Payment Order, only if DCPS has properly invoked the dispute procedure will the Court consider whether a provider has satisfied its burden of demonstrating reasonableness.  See Payment Order ¶ V(a), (d).  DCPS failed to provide adequate explanation and documentation for its initial objections to DiCon's invoices, as required by the Payment Order.  See id. ¶ V(a).  The Court agrees with the Special Master that this constituted a failure to invoke the dispute mechanism.

      Although DCPS routinely paid private providers to perform VEs and FBAs at the time these services were performed by DiCon, DCPS had not publicly announced rates that it would pay for these evaluations.  Report and Recommendations at 15.[5]  The Special Master

---

[5]    The Interim Independent Educational Evaluation Directive of October 2008 ("Chancellor's Directive") lists the maximum rates DCPS will pay for Independent Educational Evaluations ("IEE") at public expense based on prevailing market rates in the District of

found, however, that DCPS had internally set acceptable rates for these evaluations but never published those rates.  See Report and Recommendations at 14-16.  When DiCon submitted invoices charging fees above these rates, DCPS rejected DiCon's fees as unreasonable without providing any documentation or explanation.

As discussed *supra* at 2-3, the Payment Order delineates a highly structured resolution process for disputes that arise concerning submitted invoices.  See Payment Order ¶¶ V-VI.  If DCPS disputes a charge contained in an invoice, it must provide a written dispute notice.  Id.  That dispute notice "shall include a *detailed description* of the basis for the dispute, *including any and all policies relied upon* . . . and sufficient documentation to support the reasons for disputing any outstanding amount(s)."  Id. ¶ V(a) (emphasis added).  The consequence of a failure to adhere to this process is the acceptance of the disputed fees: "If the defendants fail to provide a timely and complete dispute notice (*including related documentation*), the amount invoiced by the provider will be considered accepted by the defendants and no longer in dispute."  Id. (emphasis added).

DCPS sought to invoke the dispute procedure by objecting to DiCon's bill of $4,500 per VE and $4,800 per FBA.[6]  The only support DCPS appended to its dispute notice, however, was a billing sheet annotated with the following comment: "[E]xceeds reasonable and documented fees."  Feb. 24, 2011 Hearing Transcript, Report and Recommendations Ex. 14 at 94-95.  DCPS' position is that "[t]his statement more than satisfies the requirement of the August 5, 2009 Payment Order requiring a 'description of the basis of the dispute.'"  Def.'s Objections at 6 (quoting Payment Order ¶ V(a)).  The Special Master disagreed, finding that

---

Columbia.  Office of the Special Assistant to the Chancellor, Individual Education Evaluation Policy II.D.1 (July 9, 2008).  VEs and FBSs were not included in the Chancellor's Directive.

[6] DCPS consistently paid $3,000 for VE, and $1,800 for FBAs.  See Class Pls.' Response at 2.

DCPS' statement was insufficient to discharge its burden under the Payment Order. Report and Recommendations at 15-16. The Court agrees with the Special Master.

The Payment Order clearly and unambiguously requires DCPS to submit a copy of any and all policies relied on as the basis for its objection. See Payment Order ¶ V(a). As noted above, the Special Master found that DCPS had developed a policy on VE and FBA rates, despite the fact that no policy had been articulated in any official published document and no notice had been given to providers. See Report and Recommendations at 15-16. DCPS essentially conceded that an internal policy existed when it asserted that DiCon could have contacted OSSE "before conducting [sic] the invoice to verify the rate paid for specific assessments" or checked its records "to determine DCPS' pattern of payments." Id. at 16 (quoting DCPS Response to DiCon's Closing Brief, Report and Recommendations Ex. 16 at 6). But under the Payment Order, that is not the provider's responsibility. The Court therefore agrees with the Special Master that DCPS was obligated to attach to its dispute notice supporting documentation reflecting its policy when it challenged DiCon's rates as unreasonable. See Payment Order ¶ V(a).

The Special Master concluded that because DCPS did not comply with the dispute procedures established by the Payment Order to contest the VE and FBA invoices, it must pay the amount invoiced by DiCon. Report and Recommendations at 15-16. The Court adopts this conclusion, as the consequence of filing an incomplete dispute notice is that "the amount invoiced by the provider will be considered accepted by the defendants and no longer in dispute." Payment Order ¶ V(a); see also Report and Recommendations of the Special Master in the Matter of Interdynamics, Inc. at 4, Sept. 25, 2008 [Dkt. No. 1538] (requiring DCPS to pay invoices where DCPS failed to properly invoke dispute mechanism outlined in

prior payment order by not providing supporting documentation); Memorandum Opinion and Order at 3, Mar. 3, 2009 [Dkt. No. 1600] (adopting Interdynamics Report and Recommendations); cf. Report and Recommendations of the Special Master Regarding Changes in Rates and Retroactivity of Hearing Officers' Determinations at 4, Apr. 18, 2005 [Dkt. No. 1273] (placing burden on the provider to establish reasonableness of rates after dispute mechanism was properly invoked); Order, May 19, 2005 [Dkt. No. 1278] (adopting Report and Recommendations Regarding Changes in Rates). Since DCPS did not properly invoke the dispute mechanism in conformity with the Payment Order, it must pay the amount invoiced by DiCon.

*B. Other Findings by the Special Master*

The parties do not object to the Special Master's conclusions regarding the timeliness of the dispute notices for invoice 50P or the integrated nature of the social history assessment and comprehensive psychological evaluations. See Report and Recommendations at 11-13, 16-18. The Court therefore adopts and affirms the Special Master's conclusions that DCPS timely objected to invoice 50P and that the social history assessments and comprehensive psychological evaluations constitute one billable assessment when performed contemporaneously.

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendations of the Special Master in the Matter of Diagnostic Consultants, LLC [Dkt. No. 1951] is ADOPTED AND AFFIRMED in its entirety; it is

FURTHER ORDERED that the District of Columbia shall pay Diagnostic Consultants, LLC ("DiCon") within fifteen (15) calendar days following the date of this

Order the sum of $51,820.00, representing the full amount in dispute for services not appearing on the Chancellor's Directive but authorized to be performed by DiCon for students from the District of Columbia, and billed to defendant on invoices 29P, 33P, 36P, 38P, 39P, 40P, 43P, 45P, 48P, 49P and 51P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $1,500.00, representing the disputed amount for the conduct of one adaptive behavioral assessment as billed on invoice 29P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $1,500.00, representing the disputed amount for the conduct of one adaptive behavioral assessment as billed on invoice 33P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $7,600.00, representing the disputed amount for the conduct of two functional behavioral assessments, two vocational assessments, and one cognitive assessment as billed on invoice 36P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $9,000.00, representing the disputed amount for the conduct of three functional behavioral assessments as billed on invoice 38P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $4,500.00, representing the

disputed amount for the conduct of one functional behavioral assessment and one bilingual speech and language assessment as billed on invoice 39P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $7,720.00, representing the disputed amount for the conduct of one bilingual comprehensive psychological assessment, one bilingual speech and language assessment, and three vocational assessments as billed on invoice 40P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $2,500.00, representing the disputed amount for the conduct of one vocational assessment as billed on invoice 43P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $6,000.00, representing the disputed amount for the conduct of two functional behavioral assessments as billed on invoice 45P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $5,500.00, representing the disputed amount for the conduct of one vocational assessment and one functional behavioral assessment as billed on invoice 48P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $4,500.00, representing the disputed amount for the conduct of three vocational assessments as billed on invoice 49P; it is

FURTHER ORDERED that the District of Columbia shall pay DiCon within fifteen (15) calendar days of the date of this Order the sum of $1,500.00, representing the disputed amount for the conduct of one vocational assessment as billed on invoice 51P; it is

FURTHER ORDERED that payment to DiCon for the disputed amount remaining on Invoice 50P is DENIED; and it is

FURTHER ORDERED that DiCon's request for treatment of the conduct of social history assessments as billable events separate from the conduct of comprehensive psychological evaluations in the instances of invoices 29P, 33P and 38P is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: April 10, 2013         United States District Judge